# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hal Durham, | Civ. No. 20-1250 (NEB/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Bureau of Prisons; Elkton Prison in Ohio; Trumbull Memorial Hospital; FMC Rochester; BoP Director Michael Carvajal; Midmark Diagnostics Group; Dr. Larry Woods, D.O.; J. Dunlop, D.O.; Lori Hunter, MP-C; Kathy McNutt, D.O.; John R. Becker, M.D.; Charles Slater, M.D.; Liz Choflet, Ph.D.; Andrew Schumacher, PAC; C. McConnell, RN; Holly Martinez, D.O.; U.S. Department of Public Health; John Doe Director of Public Health; Kathy Lubahn, RN; and John and Jane Does #1–10, | |
| Defendants. | |

This action comes before the Court on Plaintiff Hal Durham's Request for Leave to Proceed In Forma Pauperis. (Doc. No. 2.) For the following reasons, the Court denies the IFP Application.

Under 28 U.S.C. § 1915(a)(1), plaintiffs seeking to proceed in forma pauperis ("IFP") must submit "an affidavit that includes a statement of all assets such prisoner possesses." Furthermore, under § 1915(a)(2), prisoner IFP applicants must also provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or

notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

The IFP Application does not meet either § 1915(a) requirement. First, the two-page filing contains nothing like a "statement of all assets" that Durham possesses. As a result, the Court cannot assess Durham's financial situation. Second, while Durham has provided a one-page printout that, among other things, shows the amount of deposits into his trust-fund account in the last six months, this is not a "certified copy of [a] trust fund account statement (or institutional equivalent)." (*See* Doc. No. 1-1 (titled "Individualized Reentry Plan—Program Review").) Because the IFP Application does not provide the materials required by § 1915(a), the Court denies the IFP Application.

When the Court denies an IFP application by a pro se plaintiff, the usual next step is to order him or her to either pay the action's filing fee or submit a new IFP application—and to state that if he or she does neither within some timeframe, the Court will recommend dismissing the action for failure to prosecute. Here, however, Durham has already paid the Court this action's $350.00 filing fee. (*See* Doc. No. 3.) This means that, strictly speaking, Durham does not need to submit a new IFP application for this case to proceed.

The Court believes, however, that Durham actually does want to proceed IFP notwithstanding his filing-fee submission. In a letter to the Court dated August 6, 2020, Durham indicates that he has requested numerous "Marshal's Process Receipt and Return forms" that he planned to "complete and submit once the Court granted" the IFP Application. (*See* Doc. No. 4, Letter.) This suggests that Durham wants the U.S. Marshal

2

Service ("USMS") to perform service of process on Defendants. While the USMS can perform service for parties not proceeding IFP, that comes at some expense; in contrast, individuals proceeding IFP can have the USMS handle service at no cost. *Compare* 28 C.F.R. § 0.114 (establishing USMS fee schedule) *with* 28 U.S.C. § 1915(d) (stating that in IFP cases, "officers of the court shall issue and serve all process"). This suggests that Durham is indeed seeking IFP status in this action, so that the USMS can accomplish service for him at the reduced rate.

Accordingly, the Court will give Durham 21 days from this Order's date to submit a new IFP application.[1] If Durham submits a new IFP application, the Court will consider it; if Durham merits IFP status, the Court will move forward with the next steps for IFP-matter service. If Durham does not submit a new IFP application within 21 days, the Court will assume that Durham plans to complete service himself (either through the USMS or some other provider).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Hal Durham's Request for Leave to Proceed In Forma Pauperis **(Doc. No. 2)** is **DENIED**;

---

[1] To assist in expediting this, the Court will order the Clerk of Court to send Durham a copy of the District's template Application to Proceed in District Court Without Prepaying Fees or Costs, Form No. AO 239

3

2. Durham has **21 days** from this Order's date to submit a new application to proceed in forma pauperis. If he does not do so, the Court will assume that Durham plans to effect service in some way distinct from 28 U.S.C. § 1915(g); and

3. The Clerk of Court is directed to send Durham a copy of the District's template Application to Proceed in District Court Without Prepaying Fees or Costs, Form No. AO 239.

Dated: September 1, 2020             *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge