UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hal Durham, | Civ. No. 20–1250 (NEB/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America; Trumbull Memorial Hospital; Midmark Diagnostics Group; Dr. Larry Woods, D.O.; John R. Becker, M.D.; Holly Martinez, D.O.; and John and Jane Does #1–10, | |
| Defendants. | |

Plaintiff Hal Durham requests appointment of counsel. (Doc. No. 65.) Durham indicates that he is "unable to respond to any of the . . . defendant's motions" and his "paralegal is not in any position to assist him in his pursuit to get justice with his pending lawsuit." (*Id.* at 1.) Durham asserts his mental and physical condition prevent him from advancing his lawsuit. (*Id.*)

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."

*Phillips*, 437 F.3d at 794. Courts enjoy "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

After careful review, the Court concludes that appointment of counsel is not warranted. While medical malpractice claims can become factually complex, pro se prisoners routinely file and litigate such claims against prison medical staff. Durham does not identify which mental or physical conditions inhibit his ability to prosecute his lawsuit, but the Court assumes he refers to the allegedly improper bradycardia treatment he received. (*See* Doc. No. 1, Complaint.) But even in Durham's Complaint, he does not detail what he means by "permanently injured and handicapped" as a result of his bradycardia medical malpractice claim. (*See id.* at 9.) Even assuming this does pose an obstacle for Durham, his actions to date speak differently. Durham has promptly complied with the Court's orders concerning his IFP application (Doc. No. 7), he provided the Clerk's Office with forms for service as directed and then requested status updates from the Clerk's Office regarding service (Doc. No. 14), and he responded to Defendants' answers (Doc. Nos. 32–34). As such, the Court concludes that appointment of counsel is not warranted at this time. Therefore, Durham's motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: May 11, 2021                             *s/ Becky R. Thorson*
                                                                                           BECKY R. THORSON
                                                                                           United States Magistrate Judge